**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Levi Madrigal, | No. CV-25-02579-PHX-JJT |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, *et al.*, | |
| Respondents. | |

Before the Court is the Report and Recommendation (Doc. 11, "R&R") entered by United States Magistrate Judge Michael T. Morrisey recommending that the Court deny and dismiss with prejudice Levi Madrigal's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1, "Petition") and his Motion for Stay (Doc. 8). In the R&R, Judge Morrissey advised that "the parties shall have 14 days from the date of service of a copy of this [R&R] within which to file specific written objections with the Court." (R&R at 10). Judge Morrissey further warned the parties that "[f]ailure to timely file objections to the [R&R] may result in the acceptance of [it] by the District Court without further review." (R&R at 10.).

Judge Morrissey entered the R&R onto the docket and it was therefore deemed served on March 6, 2026. Over nine weeks have since passed and Petitioner has filed no objections. The Court is therefore empowered to accept the R&R without further review. It nonetheless conducts a review on the merits, and after so doing, concludes that Judge Morrissey's thorough recommendations are all soundly supported in law.

As Judge Morrissey notes in his R&R, the Petition is untimely; AEDPA's statute of limitations ran out four weeks before Petitioner filed his Petition in this Court. His conviction in the Arizona state court became final and the limitations period of AEDPA began to run upon the expiration of his time for seeking review of the Arizona Court of Appeals decision in the Arizona Supreme Court—September 22, 2020. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007). It ran for 30[1] days, until October 22, when Petitioner filed his notice of post-conviction relief in the state court, which tolled the limitations period until that state PCR review process concluded with the Arizona Supreme Court's denial of further review on July 22, 2024. The AEDPA limitations period resumed running the next day and ran out on June 24, 2025. Petitioner did not initiate these proceedings until 27 days later, on July 21. The Petition is untimely.

Judge Morrissey correctly concluded in the R&R that equitable tolling does not apply in this case. A lack of legal assistance—or a lack of adequate legal assistance—does not constitute grounds for equitable tolling, there being no right to such assistance in post-conviction proceedings. *E.g., Treviso v. Borders*, 2018 WL 3017547, at *12 (E.D. Cal. June 14, 2018)). And to the extent Petitioner argues his late submission is due to a faulty time calculation provided by his former attorney, Judge Morrissey correctly recognized that "[a]n unadorned failure to advise about a limitations period would, at best, be simple negligence," *Holeman v. Ryan*, 2013 WL 3716603, at *10 (D. Ariz. July 15, 2013), and such simple negligence falls well short of the "extraordinary circumstance" of attorney misconduct necessary to satisfy the requirement for equitable tolling, *Holland v. Florida*, 560 U.S. 631, 651-52 (2010).

Finally, as the R&R noted, Petitioner did not challenge his conviction in his Petition; only his sentence. He did not raise or assert actual innocence at all, and therefore cannot qualify for excusal of untimeliness under *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). The Court also notes its agreement with the R&R that the issuance of any stay now to allow

---

[1] The R&R concluded the limitations period initially ran for 31 days. This appears to be in error, as there are only 30 days between September 22 and October 22. The Court thus concludes one additional day is added to the limitations period and it ultimately expires one day later than the R&R calculated, on June 24, 2025, rather than June 23.

Petitioner to return to the state court to seek a collateral review would be futile. The ADEPA limitations period already having run, any state court collateral determination would not cure that untimeliness.

For all of these reasons,

**IT IS ORDERED** adopting the R&R filed by Magistrate Judge Morrissey (Doc. 11) in its entirety and denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Clerk of Court shall enter judgment accordingly and terminate this matter.

**IT IS FURTHER ORDERED** denying Petitioner's Motion to Stay (Doc. 8).

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis*. The Petition and both grounds in it are precluded by a plain procedural bar, and the Court's conclusion as to this issue would not be found debatable by jurists of reason.

Dated this 11th day of May, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -